## STATE v. CLARENCE GAVLE.[1]

October 17, 1930.

No. 28,075.

*Morgan & Nichols,* for appellant.

*Henry N. Benson,* Attorney General, and *Elmer R. Peterson,* County Attorney, for the state.

HILTON, J.

Defendant was convicted of the charge of being the father of complainant's illegitimate child. He appeals from an order denying his motion for a new trial.

We do not find a recital of the facts necessary. The contention that the verdict of guilty was not justified by the evidence is not sustained. The evidence was sufficient.

We have carefully examined the charge of the court. We find nothing therein warranting a reversal. We refer however to one criticism advanced by defendant. In giving each of the three requests of defendant the court prefaced such giving by a statement that they were requested by defendant. The court advised the jury that it was the duty of the court to instruct it in the law and that

[1]Reported in 232 N. W. 624.

he was about to do so. He then stated that he would read two requested instructions by defendant and followed that statement with, "The jury are instructed  *  *  *," and then immediately began the second instruction with, "You are instructed  *  *  *." As to the third instruction the court said, "I will also give you one more  *  *  *. Now, the court instructs you  *  *  *."

In Curran v. C. G. W. R. Co. 134 Minn. 392, 396, 159 N. W. 955, 957, this court took occasion to say:

"It is bad practice to announce to the jury that certain instructions given have been asked for by one or the other of the parties.  *  *  * Ordinarily, however, this is not of sufficient consequence to warrant setting aside a verdict if the court has made it clear that the requested instructions are given them as the law of the case."

We adhere to the criticism but do not find that here a reversal is warranted.

After defendant had testified in his own behalf detailing certain of his acts with complainant, the court propounded a number of questions which elicited practically the same testimony as defendant had already given. There is nothing to indicate that this constituted prejudicial error.

After defendant had finished his testimony, the court by pointing directed him to take a seat in the court room on the westerly side thereof. The jury box and counsel table were located on the easterly side. Defendant took a seat which was in close proximity to that occupied by the sheriff. Shortly thereafter one of the counsel for defendant came up to the bench and without show or noise requested that defendant be permitted to take a seat at his counsel's table, which request was promptly granted. Perhaps it was an irregularity for the court to indicate in the first instance that the defendant be seated other than at his counsel's table. However it cannot be said that the jury, if it noticed the circumstance, was influenced thereby to defendant's prejudice.

It appears from the court's memorandum, as well as its action after the jury retired, that the court had pronounced views relative to the admissions made by defendant on the stand in regard to his

conduct on the night in question. None of these views were made known to the jury.

Although some of the actions of the court might well have been omitted, we cannot and do not say that the defendant was deprived of a fair trial. The evidence warranted a conviction, the law of the case was clearly and correctly given to the jury, and the evidence was more than ample to sustain the verdict.

Affirmed.